Wood, J.
It must be admitted, if this agreement can be enforced; the statutes of Ohio regulating the rate of interest, whether upon loans by the fund commissioners, or in other cases, are at once virtually repealed. The statute passed on March 28, 1837, provides that the fund commissioners, in a certain event, may loan the money to individuals at a rate of interest not exceeding seven per cent. Seven per cent, is the maximum of interest the commissioners are authorized to contract for, or receive for the forbearance of their loans. They are prohibited from receiving more, in fact, in express terms — that is, as interest. It is said, however, that the five per centum in this case is by the agreement of the parties, to be added to the seven per cent., not as interest, but as costs, agreed upon as such, for collection, by the parties.
Now, it seems to us to be of little consequence, in this case, what this five per cent, may be called, but the inquiry is, what is the thing itself? However it may be disguised, it is very clear-io,us it is a mere shift oFdevice by which twelve per cent, is retained, as interest, upon this loan, and in this view of the *case [381 can not be enforced. This court haSe decided that under the laws of Ohio, but six. cent .interest isjrecoverable, though the parties contract for more or higher rates.
But is it such a contract as public policy should execute ? What may be supposed as the natural result to the community from the execution of this agreement? It would be the condition of future loans, at banks, that the borrower should pay the expenses of collection, and, perhaps, the tax thereon. The brokers in this state would hold a general jubilee; and as their sense of morality and law usually expands with their hopes of gain, in proportion to the borrower’s necessity they would find, probably, additional items of costs, as the means of a legalized extortion upon their loans. In our opinion, such agreements are against the public policy of the country, and ought not to be enforced in courts of justice. They have, by this court, on the circuit, been denied to be obligatory, and further reflection confirms us in the correctness of such opinion. The absence of adjudicated cases in the reports, either English or Amoriean, show these agreements *382 are of modern invention, having their origin in the improvements of the age.
That this five per cent, is not costs, is certain, from the fact that it is not so recognized by law. At common law, no costs were allowed. If a plaintiff failed in his action, he was amerced for his false clamor, but costs were not adjudged against him. In Ohio, no costs are given to a successful party, unless authorized by statute, with but one or two exceptions, and the statute defines the items, and imposes severe penalties upon the ministers of the law, for taking other or higher costs or fees than are expressly provided for. On the whole, wo think the common pleas were right in holding the agreement void to pay five per cent, collection fees, and such item will not be permitted to be taxed in the costs by this court. Motion overruled.